UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 MAY 26  P 12: 05

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| KENNETH L. HUNT<br>Petitioner,<br><br>v.<br><br>PAUL M. VERDINI,<br>Respondent. | Civil Action No. 04-10689-RGS |

## RESPONDENT'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

This memorandum is submitted in support of the respondent's motion to dismiss this habeas corpus petition filed by Kenneth L. Hunt (the "petitioner"). As argued in this memorandum, the petition should be dismissed on the ground that it is time-barred under 28 U.S.C. §2244(d)(1).[1]

### PRIOR PROCEEDINGS

On February 11, 1982, a Hampden County grand jury indicted the petitioner for first degree murder in violation of G.L. c. 265, §1. *See* Exhibit A, Docket Entries *Commonwealth v. Hunt*, Hampden Criminal No. 82-380. On July 23, 1982, after a jury trial before Massachusetts Superior Court Associate Justice George L. Hayer, the petitioner was convicted of murder in the first degree and sentenced to MCI-Walpole for the term of his natural life. *Id.* The petitioner timely noticed an appeal, and on July 28, 1982, filed a motion for new trial in the Hampden Superior Court. *Id.* On November 24, 1982, Judge Hayer denied the motion for a new trial, and

---

[1] Since the petition must be dismissed under the statute of limitations, the respondent does not address herein the merits of the petition. Should this Court rule that this petition is not time barred, the respondent respectfully requests additional time to file an answer and memorandum in opposition to the petition.

the petitioner timely appealed the denial of his motion for new trial. *Id.* On May 21, 1984, the Massachusetts Supreme Judicial Court ("SJC"), in a consolidated appeal, affirmed the petitioner's conviction and the denial of his motion for a new trial. *See* Exhibit C, *Commonwealth v. Hunt*, 392 Mass. 28, 465 N.E.2d 1195 (1984).

On July 18, 2001, the petitioner filed an application for rule 30 relief in Hampden Superior Court that was denied by Associate Justice Constance M. Sweeney on August 4, 2001. *See* Exhibit A, Docket Entries *Commonwealth v. Hunt*, Hampden Criminal No. 82-380. On June 14, 2002, the petitioner filed a motion for new trial that was denied by Associate Justice Lawrence B. Wernick on September 3, 2002. *Id.* Pursuant to G. L. c.278, § 33E, the petitioner filed an application in the SJC's single justice session seeking leave to appeal from the denial of his motion for a new trial. *See* Exhibit D, Docket Entries *Commonwealth v. Hunt*, SJ-2003-0191. On November 21, 2003, the single justice (Ireland, J.) acting as gatekeeper, denied the petitioner leave to appeal. *Id.*

On May 5, 2004, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent now files a motion to dismiss the petition as time-barred.

## ARGUMENT

### I. THE HABEAS CORPUS PETITION MUST BE DISMISSED WHERE IT IS BARRED BY THE STATUTE OF LIMITATIONS.

Pursuant to 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"),

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The SJC affirmed the petitioner's conviction and the denial of his motion for a new trial on May 21, 1984. *See* Exhibit C, *Commonwealth v. Hunt*, 392 Mass. 28, 465 N.E.2d 1195 (1984). In cases like this one, where a conviction became final before the passage of the AEDPA, *i.e.*, before April 24, 1996, petitioners are given a judge-made, one-year grace period to file a habeas corpus petition. *See Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir. 1999) (applying one-year grace period to §2254 petition). This one year grace period ended on April 24, 1997. *Rogers v. U.S.*, 180 F. 3d 349, 355 n.13 (1sr Cir. 1999), *cert. denied*, 528 U.S. 1126 (2000). As noted above, the petitioner filed nothing within his one year time period. As such, the petition is time-barred.

Furthermore, there are no circumstances that allow this petitioner to invoke the triggering provisions of §§2244(d)(1)(B)-(D). The petitioner allowed four years to elapse before filing a

3

motion for a new trial in state court on July 18, 2001 and an additional year before filing a motion for a new trial in state court on June 14, 2002. *See* Exhibit A, Docket Entries *Commonwealth v. Hunt*, Hampden Criminal No. 82-380. Moreover, the fact that the grace period may be tolled pursuant to the provisions of 28 U.S.C. §2244(d)(2) is no aid to this petitioner. *See Gaskins v. Duval*, 183 F.3d at 9-10. Here, the petitioner's post-conviction filings in state court, specifically, his two motions for new trial, were not filed until, four and five years after the grace period had run. Consequently, this petition is time-barred and must be dismissed.

## CONCLUSION

For the foregoing reason, the petition for habeas corpus relief should be dismissed with prejudice.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

*[signature]*
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: May 26, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above Respondent's Memorandum of Law in Support of the Motion to Dismiss was served on Kenneth L. Hunt, *pro se*, MCI-Shirley, P.O. Box 1218, Shirley, Massachusetts 01464, by first class mail, postage prepaid, on May 26, 2004.

*[signature]*
Eva M. Badway

4